CASE 29—PETITION EQUITY—JUNE 16. ·

# Whitehead vs. Chadwell's adm'r.

### APPEAL FROM CARROLL CIRCUIT COURT.

The creditors of a firm having, through the equities of each partner, an exclusive lien on the firm assets for payment of their claims, should not be allowed to participate in the individual assets until the individual creditors are put on an equal footing. The rule laid down in Northern Bank Kentucky vs. Keizer (*ante., p.* 169) is adhered to.

JNO. RODMAN, for appellant, cited *N. Bank Ky. vs. Keizer, ante*, 169.

P. U. MAJOR, for appellee, cited 1 *Adk's Rep.*, 60; 4 *Ves.*, 837; 17 *Ves.*, 207; 8 *Wright's Pa.*, 503; 1 *Harr. & Gill*, 96; 7 *Ohio*, 179; 9 *Ga.*, 319; 3 *Kent's Com.*, 65; 3 *Forstor's N. H.*, 136; 2 *McCord*, 302; 5 *Serg. & Rawle*, 78.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

According to the principles recognized by this court in Northern Bank of Kentucky vs. Keizer, &c., decided in 1865, and which is still adhered to, the assets in the hands of Chadwell's administrator should have been distributed, first, to the individual creditors of intestate until they should receive an equal *pro rata* with the firm creditors, derived from the firm assets, and then a general *pro rata* allowance should be made of the remainder among the individual and firm creditors, placing both classes on an exact equal footing.

The court erred in directing the individual creditors of Chadwell to be paid in full before the firm creditors should be allowed to participate in the assets.

The creditors of a firm are also creditors of each individual partner, and when the assets of the firm are insufficient, they may still resort to the individual assets of the several partners; therefore, when the individual creditors of an insolvent partner are put on an equality with the firm creditors, there is no sufficient reason why the firm creditors should not be allowed to participate.

The firm creditors having, through the equities of each partner, an exclusive lien on firm assets, they should not be allowed to participate in the individual assets until the individual creditors are put on an equal and exact footing with them; or, in other words, the per cent. derived from firm assets should be ascertained, and individual creditors to the same extent should be allowed an exclusive compensation out of individual assets, and then an equal *pro rata* to both allowed. The judgment is therefore reversed, with directions for further proceedings.